Care, J.
I think there can be no sound distinction taken between this' case and that of Randolph v. Randolph. The principle there decided, is, that the court has no jurisdiction to call before it a remainderman whose right may never come in esse, at the instance of a person in possession, and claiming a right adverse to his. Here, the husband in possession of certain slaves, insists that they were given absolutely to his wife by her father. The father made a will, by which he gave the slaves to this daughter for life, but if she should die without leaving issue at her death, that they be sold and the money divided among his other children. The husband files thife bill (his wife being still alive), making her brothers and sisters defendants, and calling on them to discuss the question, whether these slaves passed by the alleged gift, or by the will ? Is not this calling on them to discuss a title which may never come in esse ? Suppose the wife should leave issue, do not all agree that the title of the husband will become perfect, and all interest in the remaindermen at an end ?
I have again examined the cases on which this court relied in the former decision; and they seem to me decisive. In Devonsher v. Newenham, 2 Scho. & Lef. 197. lord Redesdale reviewed all the.cases, and shewed with great strength the reasons against entertaining such suits. After stating the circumstances of the case before him, and the purpose of the suit, he said—“ Now, no such suit has ever been entertained as far as I can *323 find; and it would be most dangerous to give the example of entertaining such a suit. Wherever one person claims title against another who is in possession, and the enjoyment of that person is disturbed, and he is put into a situation where he cannot have that enjoyment, as he ought in conscience to have it,—these are cases, where, for the purpose of quieting the possession, a suit is entertained. For example, where several ejectments have been brought in succession, and a bill is filed to quiet the possession, a suit is entertained. But when the question is merely whether A. or B. is entitled to the property, and there has been no actual suit between them, there is no instance where a bill has been entertained.” He cites Pelham v. Gregory, 3 Bro. P. C. 204. where lord Northington dismissed the bill, giving this as a reason, “ that they (the defendants) being remaindermen after the death of the duke of Newcastle, if he should die without issue, their claims were not within his cognizance to determine, and the plaintiff had no right to bring them into discussion in a court of equity.” This decision was affirmed in parliament; that house agreeing with the chancellor (says lord Pedesdale) that a party has no right to bring remaindermen before the court to bind their rights &c. merely to clear the plaintiff’s title. And lord Redesdale proceeds—“ I take this to be decisive authority; and if the books were searched, I have no doubt many other cases might be found, where bills have been dismissed on this ground. I apprehend the court is bound to see that the parties before it are parties whom it ought to bind by its decree : but on what ground could the court put the remainderman in this case to litigate his title ?—The plaintiffs in this suit, have no right to make this defendant litigate a title with them, which may never be beneficial to him.”
I am for affirming the decree.
Brockewbeough and Cabell, J, concurred.
*324 Tucker, P.
The case of Randolph v. Randolph is, I think, conclusive of this; and it was decided, not only Upon express authority, but in strict conformity with the general principles of the court of chancery, which disclaims any interference with legal titles. In this case, though the interest of the remaindermen is but contii}gent, yet their title, such as it is, is a legal title, and cannot be drawn in question in equity. The decision of that court upon the naked question of title, in a case where there is not, and never may be, a subsisting dispute with respect to the right of property, would indeed be an anomaly. If Mrs. Bush should leave a child, then her estate will be absolute, under the will, and her husband will be1 invested with her title; so that it is very possible, that the question, whether he is the owner of the property independently of the will, never may arise.
I do not perceive that the case is materially different, because there is an executor of Martin, who might contest the claim set up by Bush. The question between Bush and Martin’s estate is a purely legal question. Martin’s executor may never choose to raise it. At any rate, he is not bound to submit to its decision in equity. It is no ground to come into equity to settle a land title, that there is another party claiming a legal title who holds back and will not sue. Abbott v. Allen, 2 Johns. Ch. Rep. 519. Stuart’s heirs v. Coalter, 4 Rand. 74. and Lange v. Jones, 5 Leigh 192. Upon the principle of those cases, it is equally clear, that a party in possession of a slave cannot bring into equity an adverse claimant of the legal title, to have the question of title settled there. If a,n action of detinue cannot be sustained in equity, against the party in possession, it is not perceived upon what principle the party in possession can maintain a corresponding action to try the title against the party out of possession. The decree is to be affirmed.
Decree affirmed.